AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| United States of America | ) |
| v. | ) |
| Jennifer Shah | ) Case No. 19-cr-833 (SHS) |
| *Defendant* | ) |

2:50PM
7/8/22
~~7:17PM~~
DATE: ~~7/7/22~~ TIME: ~~12:16PM~~
WHO:
BY: Dax Wilson
LIC# PFA128271
ICU Investigations, LLC  435-986-1200
250 N Red Cliffs Dr. #4B-275, St George, UT 84790

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To: Stuart Smith
3241 N. 700 W. Lehi, Utah 84043
*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

| Place: ChaudhryLaw PLLC<br>45 West 29th Street, Suite 303, New York, NY, 10001<br>szuckerman@chaudhrylaw.com | Date and Time:<br>July 11, 2022; 10:00 a.m. |

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)
Date: MAR 1 6 2022

RUBY J. KRAJICK
*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Jennifer Shah
_____, who requests this subpoena, are:

Seth J. Zuckerman, ChaudhryLaw PLLC, 45 West 29th Street, Suite 303, New York, NY 10001
szuckerman@chaudhrylaw.com, 212-785-5558

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

## ATTACHMENT A

## DEFINITIONS

1. "SBA" refers to the United States Small Business Administration and any of its agents.

2. "MPG" refers to the Wyoming limited liability company, Mastery Pro Group LLC, with the registered address: 680 S Cache Street, Suite 100, Jackson, WY 83001.

3. "Red Steele" refers to the Utah limited liability company, Red Steele, LLC with registered address: 328 East Truman Avenue, Salt Lake City, UT 84115.

4. "MDS" refers to the Delaware limited liability company, Monetize Data Solutions LLC, with registered address: 251 Little Falls Drive, Wilmington, DE 19808.

5. "You," "Your," or "Yours" means you, your past and current agents, attorneys, accountants, employees, and representatives.

6. "Agent" means an individual or entity's past and current agents, attorneys, accountants, employees, and representatives.

7. "Document(s)" is used in the broadest possible sense permissible under the Federal Rules of Criminal Procedure and means each and every written, recorded, or graphic matter or materials of any kind, type, nature, or description (whether in tangible, oral, hard copy, printed, or electronic form) that is or has been in your possession, custody, or control, including all hard copy documents, correspondence, memoranda, tapes, stenographic or handwritten notes, forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, electronic mail, Bloomberg messages, text messages, voice mails, instant messages, calendars, appointment books, computer files, computer printouts, data compilations of any kind in electronic form or

otherwise, teletypes, telexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, surveys, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks or diskettes, things, brochures, pamphlets, or any written or recorded materials of any other kind, however stored, recorded, produced, or reproduced (whether in tangible, hard copy, printed, or electronic form), and also including drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

8. "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including, but not limited to, letter, facsimile, email, memorandum, telephone, text message, direct message over social networking sites, and/or any type of Document.

9. "Electronically Stored Information" or "ESI" includes all of the items in electronic format that are included in the definition of the term "Document(s)" above, and also more specifically, email messages, instant messages, text messages, word processing documents (e.g., memos, letters), databases, spreadsheets, voicemail messages, digital photographs, sound recordings, video recordings, accounting application data (e.g., QuickBooks), presentations (e.g., PowerPoint), Internet and Web-browser-generated history files, caches and "cookies" files, and data, communications, or posting of messages on any social networking site (e.g., Facebook, LinkedIn, Twitter, Instagram, etc.).

10. "Relating to" means referring to, regarding, reflecting, concerning, constituting, comprising, containing, setting forth, summarizing, relating to, stating, describing, recording,

noting, embodying, mentioning, studying, analyzing, evidencing, discussing, or evaluating, directly or indirectly.

11. The terms "all," "each," and "every" shall be construed so as to provide the most complete and comprehensive response.

12. The term "any" includes the word "all," and the term "all" includes the word "any."

13. The term "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to make a request inclusive rather than exclusive, and to bring within the scope of these requests any/all Documents and ESI which might otherwise be construed to be outside their scope. Similarly, wherever necessary to ensure the completeness or accuracy of these Requests, the singular includes the plural and the plural includes the singular, and the use of the present tense of any word shall include the past tense and vice versa.

## GENERAL INSTRUCTIONS

1. You are requested to produce all Documents designated below which are in Your possession, custody, or control, or in the possession, custody, or control of Your agents, attorneys, accountants, employees, or representatives.

2. You are requested to produce the original and all non-identical copies, including all drafts, of each Document requested. If You are not able to produce the original of any Document, please produce the best available copy and all non-identical copies, including drafts.

3. Each request for Documents herein and subparagraphs or subdivisions thereof shall be construed independently, and no other request or subparagraph or subdivision thereof shall be referred to or relied on for the purpose of limiting its scope except insofar as the request

3

or subparagraph or subdivision construed expressly refers to another request or subparagraph or subdivision thereof.

4. If any Document requested herein was at one time in existence, but has been lost, discarded, or destroyed, identify each such Document including its date, author, number of pages, attachments or appendices, sender, recipients, last custodian, subject matter, and the paragraph of this request to which such Document is or would have been responsive, and state the date, place, manner, and circumstance of, and the reasons for, the Document's destruction, discard, or loss.

5. If You claim any privilege as a basis for not answering any request or any portion thereof or for withholding any otherwise responsive Document, please set forth with respect to each such Document, in sufficient detail to identify the particular Document, and to allow the court to adjudicate the validity of each claim of privilege, without disclosing the information which is claimed to be privileged, the following:

   a. The type of Document (e.g., letter, memorandum, report, etc.);

   b. Its title and file reference, if any;

   c. The subject matter of the Document;

   d. The name, title, employer, and address (or last known title, employer, and address if current information is unavailable) of each person who drafted, revised, signed, provided information for, or received such Document, and state for each such person whether he or she is an attorney and, if so, on whose behalf he or she was acting; and

   e. The basis of the claim of privilege, and each fact relied upon in claiming the privilege.

6. If redacted Documents are produced, the reasons for the redactions shall be set forth either on the Documents that have been redacted or on attachments to the redacted Documents.

7. If You do not possess Documents necessary to comply with a request, You are under a duty to make a reasonable effort to obtain such Documents. These requests are continuing in nature. If, after the initial production of Documents, You obtain, discover, locate, or generate any further Documents responsive to these requests, supplementary responses are to be served and such Documents are to be made available to Defendant.

8. Documents produced electronically shall be produced in a searchable TIFF format, with optical character recognition (OCR). The unitization of each document shall be maintained as it existed in each original document, meaning the first and last page of each document shall be identified.

9. Unless otherwise indicated, the timeframe of the requests herein is from January 1, 2017, through the present.

10. **You are requested to produce all Documents and items designated below via email, if possible, to Seth J. Zuckerman, Esq. at szuckerman@chaudhrylaw.com. If said Documents and other items cannot be produced via email, You are requested to produce said items to Seth J. Zuckerman, ChaudhryLaw PLLC at 45 W. 29th Street, Ste. 303, New York, NY 10001.**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All foundational documents related to MPG, including without limitation, articles of organization/incorporation, communications with the Wyoming Secretary of State, operating agreements, management agreements and annual reports.

2. All banking records concerning MPG, including without limitation, checking, savings, and credit card account statements for the years 2017 through 2022.

3. All tax documents for MPG from 2017 through 2022, including but not limited to complete federal and state tax returns for MPG and any documents used to prepare those tax returns.

4. All documents related to any merchant account associated with or used by MPG, including without limitation, applications, questionnaires, and communications with any merchant account provider.

5. All documents related to any application submitted to the SBA on behalf of MPG, including but not limited to:

    a. All documents submitted to the SBA by You;

    b. All documents used to prepare or support any submission to any bank to be submitted to the SBA;

    c. All documents concerning any Paycheck Protection Program loan application made by MPG to the SBA;

    d. All documents concerning any Paycheck Protection Program loan made to MPG by the SBA; and

    e. All documents concerning any COVID-19 Economic Injury Disaster Loan application made by MPG to the SBA;

    f. All documents concerning any COVID-19 Economic Injury Disaster Loan made to MPG by the SBA; and

g. All documents concerning any loan forgiveness application made by MPG to the SBA concerning any Paycheck Protection Program loan or COVID-19 Economic Injury Disaster Loan.

6. All foundational documents related to Red Steele, including without limitation, articles of organization/incorporation, communications with the Delaware Secretary of State and/or the Utah Secretary of State, operating agreements, management agreements and annual reports.

7. All banking records concerning Red Steele, including without limitation, checking, savings, and credit card account statements for the years 2017 through 2022.

8. All tax documents for Red Steele from 2017 through 2022, including but not limited to complete federal and state tax returns for Red Steele and any documents used to prepare those tax returns.

9. All documents related to any merchant account associated with or used by Red Steele, including without limitation, applications, questionnaires, and communications with any merchant account provider.

10. All foundational documents related to MDS, including without limitation, articles of organization/incorporation, communications with the Delaware Secretary of State, operating agreements, management agreements and annual reports.

11. All banking records concerning MDS, including without limitation, checking, savings, and credit card account statements for the years 2017 through 2022.

12. All tax documents for MDS from 2017 through 2022, including but not limited to complete federal and state tax returns for MDS and any documents used to prepare those tax returns.

13. All documents related to any merchant account associated with or used by MDS, including without limitation, applications, questionnaires, and communications with any merchant account provider.