UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| - v. - | : **GOVERNMENT'S MOTION IN SUPPORT OF ITS PROPOSED PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS** |
| STUART SMITH, | : |
| | : |
| Defendant. | S6 19 Cr. 833 (SHS) |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

The United States of America hereby moves pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p), for the entry of a Preliminary Order of Forfeiture as to Substitute Assets to include certain property of STUART SMITH (the "Defendant") as substitute assets, to be applied towards the forfeiture money judgment that was entered against him in the above-captioned case on or about December 10, 2024.

### I. Background

1. On or about November 19, 2021, STUART SMITH (the "Defendant"), was charged in a Superseding Information, S6 19 Cr. 833 (SHS) (the "Information"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Sections 1349 (Count One); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Two), and obstruction of justice, in violation of Title 18, United States Code, Section 1512(c)(2) (Count Three).

2. On or about November 19, 2021, the Defendant pled guilty to Counts One, Two, and Three of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One, Two, and Three of

the Information and agreed to forfeit to the United States a sum of money representing the amount of proceeds traceable to the offense charged in Count One of the Information.

### The Order of Forfeiture

3. On or about December 10, 2024, the Court entered a Consent Preliminary Order of Forfeiture/Money Judgment, imposing a forfeiture money judgment against the Defendant in the amount of $6,500.000 (the "Money Judgment") representing the proceeds traceable to the commission of the offense charged in Count One of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with co-defendant Jennifer Shah, and the forfeiture money judgment entered against Jennifer Shah in this case (D.E. 843).

4. To date, the entire Money Judgment entered against the Defendant remains unpaid.

### The Location of Additional Assets

5. As set forth in the Declaration of Special Agent Kathleen Kilduff, the United States has not been able to locate, obtain or collect any assets traceable to the proceeds of the Defendant's offense, despite the exercise of due diligence in investigating the assets of the Defendant.

6. However, the United States has located the following assets of the Defendant that the Government seized from the Defendant's home on or about March 30, 2021:

   a. $16,704.00 in United States currency;

   b. One titanium U-Boat U-42 watch with a black dial and brown strap, numbered 339/999;

   c. One stainless steel Rolex Oyster Perpetual Sea-Dweller DeepSea model watch, model: 126660, serial number: 99WR3799;

    d.  One stainless steel and aluminum Seven Friday watch with a white strap, model: SF-P1/02-D0111, serial number: 12885S;

    e.  One stainless steel Hublot Big Bang chronograph Limited Edition (1/250) watch with a black rubber strap, model: 301RX;

    f.  One stainless steel Shinola Runwell Argonite-1069 model watch with a brown leather strap, model: 1069; and

    g.  One stainless steel Breitling Super Avenger watch, model: A13370, serial number: 2504064;

(a. through g., collectively, the "Substitute Assets"). The United States is now seeking to forfeit the Defendant's interest in the Substitute Assets and to have it, once forfeited, applied towards the Defendant's outstanding Money Judgment.

7.    For the following reasons, the Government respectfully requests that the Substitute Assets be forfeited to the United States, and applied as a payment towards the Money Judgment.

### III. Discussion

8.    Title 21, United States Code, Section 853(p) provides that, if "as a result of any act or omission of the defendant" any property

(A)  cannot be located upon the exercise of due diligence;
(B)  has been transferred or sold to, or deposited with, a third party;
(C)  has been placed beyond the jurisdiction of the court;
(D)  has been substantially diminished in value; or
(E)  has been commingled with other property which cannot be divided without difficulty.

the "court shall order the forfeiture of any other property of the defendant, up to the value of any property" so transferred or moved by the Defendant.

9. Additionally, Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure further provides that-

> On the government's motion, the court may <u>at any time</u> enter an order of forfeiture or amend an existing order of forfeiture to include property that:
>
> (B) is substitute property that qualifies for forfeiture under an applicable statute.

Fed. R. Crim. P. 32.2(e)(1) (emphasis added).

10. Thus, the court must order the forfeiture of substitute assets to satisfy a money judgment where, as a result of the Defendant's actions or omissions, the United States is unable to locate or obtain the specific proceeds of the defendant's offenses. *See United States* v. *Alamoudi,* 452 F.3d 310, 314 (4th Cir. 2006) ("Section 853(p) is not discretionary.... [w]hen the Government cannot reach the property initially subject to forfeiture, federal law requires a court to substitute assets for the unavailable tainted property"). If there are persons who claim an interest in the Substitute Assets, they will have an opportunity to challenge the Government's entitlement to the Substitute Assets in the ancillary hearing phase of these proceedings. *See* 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c) and (c)(2)(B). Under Section 853(n) and Rule 32.2(e)(2), the government must provide notice of its intent to dispose of the property to known interested parties. Persons alleging an interest in the forfeited property then have 30 days, from the date of last publication or actual notice, within which to petition this Court for a hearing to determine the validity of their claims. 21 U.S.C. § 853(n)(2). If there are no petitions filed or a petition is denied, the Court will enter a final order forfeiting the substitute property to the United States. The property will not be disposed of by the Government until all third-party claims are resolved by the Court.

## IV. Conclusion

Wherefore, for the aforementioned reasons, the United States requests that its motion for forfeiture of substitute property be granted and that an order be entered forthwith forfeiting all of the Defendant's right, title, and interest in the Substitute Assets to the United States and granting such other relief as may be deemed necessary and appropriate.

Dated: New York, New York
April 24, 2025

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:  /S/
ROBERT B. SOBELMAN
Assistant United States Attorney
26 Federal Plaza, 37th Floor
New York, New York 10278
(212) 637-2616